**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAULINA KOZLOWSKI, | Jury Demanded |
| Plaintiff, | Case No. 18 CV 00147 |
| v. | |
| GREENRIDGE FARM, INC. AND MICHAEL SHANNON, | |
| Defendants. | |

**COMPLAINT**

Now Comes the Plaintiff, Paulina Kozlowski, by and through her attorneys, Mark Hansen of Graefe & Hansen, Ltd., and Stephanie Matthews, and complaining of the Defendants, Greenridge Farm, Inc. ("Greenridge") and Michael Shannon ("Shannon"), states as follows:

1. The causes of action for Plaintiff arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, as amended ("Title VII"), and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/et. seq.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, to enforce the provisions of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e(k) and 2000e-2, and supplemental jurisdiction under 28 U.S.C. § 1367 to address the claims brought under the Illinois Human Rights Act, because they relate to the federal claims forming part of the same case or controversy.

3. Venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391(b) and (c). The claim for relief arose in the area bounded by the Northern District of Illinois, Eastern Division, and Greenridge is an Illinois Corporation doing business in Illinois in the area bounded by the Northern District of Illinois, Eastern Division.

4. On information and belief, Shannon is a resident of the state of Illinois, in the area bounded by

the Northern District of Illinois, Eastern Division.

5. Prior to bringing this lawsuit, Plaintiff filed timely charges with the Illinois Department of Human Rights, charge nos. 2017CN0865 and 2017CF0864, which were cross-filed with the Equal Employment Opportunity Commission as charge number 21BA70144.

6. On December 28, 2017, the EEOC issued a Right-to-Sue letter, attached as Exhibit A.

7. On September 6, 2017, the Illinois Department of Human Rights issued a right to file a complaint with respect to both charges, copies of which are attached as Exhibit B.

8. Plaintiff filed this action within 90 days of the receipt of the Right-to Sue letter from the EEOC and within the time period set out by the Illinois Department of Human Rights and as permitted under the IHRA.

## PARTIES

9. Plaintiff began working for Greenridge Farm, Inc., a meat distributor, in September of 2009 as a sales person.

10. In January 2012, Plaintiff voluntarily left Greenridge, but was rehired in September of 2012.

11. On or about July 21, 2016, Plaintiff's her doctor confirmed that she was pregnant.

12. On or about August 5, 2016, Plaintiff met with her boss, Mike Shannon, Greenridge's Vice President of Sales and Marketing, and told him she was pregnant.

13. On or about August 15, 2016, Plaintiff's first ultrasound showed a healthy pregnancy and a strong fetal heartbeat.

14. On or about August 24, 2016, Shannon called Plaintiff and asked her to meet with him at Greenridge after she completed her sales routes for the day.

15. Later that day, Plaintiff met with Shannon, and was informed that she would be reassigned from her current position to that of an "inside sales" position. She was told that the customers she had

been servicing would be given to other sales staff, who she would need to train in assuming their role. Plaintiff was also informed that her annual salary would be reduced from $78,000 to $40,000.

16. At said meeting, Plaintiff objected to the change in her position, and stated that the decision to do so was due to her having informed Shannon of her pregnancy. Shannon responded that the decision was final.

17. Plaintiff contacted an attorney regarding Greenridge's actions, and on August 25, 2016, her attorney sent a letter to Shannon, reaffirming Plaintiff's objection to the demotion, and asserting that the decision was discriminatory.

18. When attempting to send out her first sales confirmation report of the day upon reporting to work on August 26, 2016, Plaintiff discovered that her log-in password to Greenridge's email system had been changed, which prevented her access to the system.

19. Plaintiff immediately contacted Shannon to report the issue with her company password, and was instructed by Shannon to "go home" and "not do any work until Greenridge's attorney responds to your lawyer."

20. Plaintiff sent an email to Shannon from her personal email account on August 26, 2016, confirming Shannon's instructions that she not report to work until Greenridge's attorneys responded to her counsel. Shannon confirmed receipt of Plaintiff's message, but did not respond to her inquiry regarding his instructions.

21. Later that same morning on August 26, 2016, Plaintiff send another email to Shannon reasserting the direction given her to not report to work until Greenridge's counsel responded to her attorney's letter.

22. On August 30, 2016, Greenridge's counsel informed Plaintiff's attorney that she was looking into

the matter referenced in her letter and would respond soon. Plaintiff's attorney informed Greenridge's counsel that Plaintiff's company email password had been changed, preventing her access, and that she had been instructed not to report to work.

23. On September 7, 2016, another attorney from the same firm representing Greenridge informed Plaintiff by letter that she was terminated from her position with Greenridge, because she had not returned to work since August 26, 2016.

24. On September 12, 2016, Plaintiff traveled to the Greenridge facility to return the company vehicle, laptop and uniforms. Later that day, she received a certified letter from Greenridge's attorney in which Greenridge threatened to sue her for defamation and for falsely claiming that she had interfered with its customers. Said letter had been sent directly to Plaintiff despite that Greenridge's counsel had been previously instructed to send any correspondence to Plaintiff's counsel.

25. Within hours of receiving said letter on September 12, 2016, Plaintiff began to experience vaginal bleeding. Following medical tests later that day, doctors diagnosed that Plaintiff had miscarried. Said diagnosis was confirmed on September 13, 2016.

## COUNT I – PREGNANCY DISCRIMINATION BY GREENRIDGE AND SHANNON

26. Plaintiff incorporates the preceding paragraphs by reference here.

27. Plaintiff brings this count against Greenridge under Title VII and the IHRA and against Shannon under the IHRA.

28. Greenridge is an employer under Title VII and the IHRA.

29. Shannon is an employer under the IHRA, 775 ILCS Section 5/2-101 (B)(1)(b), which states, "'Employer' includes: (b) Any person employing one or more employees when a complainant alleges civil rights violation due to unlawful discrimination based upon ... her ... pregnancy ...".

30. As Greenridge's Vice President of Sales and Marketing, Shannon had the power to hire or to recommend the hire of employees.

31. As Greenridge's Vice President of Sales and Marketing, Shannon had the power to discipline or recommend the discipline of employees.

32. As Greenridge's Vice President of Sales and Marketing, Shannon had the power to determine the amount of compensation to be paid employees, or to recommend the amount of compensation to be paid employees.

33. As Greenridge's Vice President of Sales and Marketing, Shannon had the power to promote and demote or to recommend the promotion or demotion of employees.

34. As Greenridge's Vice President of Sales and Marketing, Shannon had the power to terminate or to recommend termination of employees.

35. Throughout her employment, Plaintiff was recognized as one of her employer's top representatives in sales and performance, and had met and far exceeded the legitimate expectations of her employer.

36. Soon after informing Shannon that she was pregnant, Plaintiff was first demoted and then terminated.

37. The reason given for Plaintiff's discharge was false and a pretext for discrimination on the basis of her pregnancy.

38. The actions taken by Shannon and Greenridge toward Plaintiff were motivated by evil motive and intent and were recklessly and callously indifferent to Plaintiff's rights protected under federal and state law.

39. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, she has lost substantial income, including, but not limited to,

wages and other employment benefits.

40. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, and the invasion of her right to be free from discrimination.

41. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, and severe anxiety.

42. As a further direct and proximate result of said unlawful employment practices, including but not limited to Greenridge's decision first to reduce the Plaintiff's salary by half and then to terminate Plaintiff for not reporting to work after August 26, 2016 after being instructed not to do so, Plaintiff suffered severe anxiety, mental anguish and emotional distress that on information and belief, contributed to her miscarriage and loss of her child.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. Enter judgment and order a permanent injunction prohibiting Defendants from further acts of pregnancy discrimination.

    b. Award Plaintiff reinstatement, lost wages, including back pay, front pay and lost benefits.

    c. Award prejudgment interest.

    d. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    e. Award Plaintiff compensatory damages as permitted under federal and state law.

    f. Award Plaintiff punitive damages for willful and wanton conduct as permitted under law.

g. Grant such other and further relief as this Court deems just and proper.

## COUNT II – RETALIATION DIRECTED AT GREENRIDGE AND SHANNON

43. Plaintiff incorporates the preceding paragraphs by reference here.

44. Plaintiff brings this action against Greenridge under Title VII and the IHRA and against Shannon under the IHRA.

45. Upon being informed that her position would be changed and her salary cut by half, Plaintiff objected to the decision, and in doing so, stated that she believed the decision unlawfully discriminated against her because of her pregnancy.

46. Through her counsel, Plaintiff further objected to the decision to change her position and cut her salary by claiming that it constituted unlawful pregnancy discrimination.

47. Immediately after Plaintiff's opposition to and complaints of pregnancy discrimination, Plaintiff's password to access Greenridge's email system was changed and she was told not to report to work, pending Greenridge's counsel response to her counsel's letter complaining of pregnancy discrimination.

48. Soon after having her password changed to Greenridge's email and being instructed not to report to work, Plaintiff received notice that she was terminated for not reporting to work after August 26, 2016.

49. Section 775 ILCS 5/6-101 of the IHRA prohibits a person, or for two or more persons, to conspire, aid, or abet to retaliate against a person because she has opposed unlawful discrimination.

50. The conduct by Greenridge and Shannon as aforesaid, both individually and in concert, as well as other retaliatory acts directed against Plaintiff for complaining about pregnancy discrimination constitutes retaliation in violation of federal and state law.

51. The conduct by Greenridge and Shannon as aforesaid, both individually and in concert, as well as other retaliatory acts directed against Plaintiff for complaining about pregnancy discrimination, was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's rights protected by federal and state law.

52. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost substantial income, including, but not limited to, wages and other employment benefits.

53. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of retaliatory treatment, and the invasion of her right to be free from retaliation.

54. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish and severe anxiety.

55. As a further direct and proximate result of said unlawful employment practices, including but not limited to Greenridge's decision first to reduce the Plaintiff's salary by half and then to terminate Plaintiff for not reporting to work after August 26, 2016 after being instructed not to do so, Plaintiff suffered severe anxiety, mental anguish and emotional distress that on information and belief, contributed to her miscarriage and loss of her child.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment and order a permanent injunction prohibiting Defendants from further acts of illegal retaliation.

b. Award Plaintiff reinstatement, lost wages, including back pay, front pay and lost benefits.

c. Award prejudgment interest.

    d.    Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    e.    Award Plaintiff compensatory damages as permitted under federal and state law.

    f.    Award Plaintiff punitive damages for willful and wanton conduct as permitted under law.

    g.    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Mark D. Hansen
One of Plaintiff's attorneys


Mark Hansen
Graefe & Hansen, Ltd.
55 W. Monroe
Suite 3550
Chicago, Illinois 60603
(312) 236-0177

Stephanie Matthews
Matthews Law Offices
155 N. Michigan Avenue
Chicago, IL 60601
slm@matthewslawoffices.com